UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
RODOLFO ROMAN, individually and on behalf of all others
similarly situated,

                                        CIVIL ACTION NO.

                   Plaintiff,

                                         COMPLAINT

            -against-

 ROSARIO, LLC d/b/a ROSARIO'S DELI and ROSARIO
 DIMARCO,

                    Defendants.
---------------------------------------------------------------------------X

Plaintiff Rodolfo Roman ("Plaintiff"), individually and on behalf of all others similarly situated, complaining of the defendants, Rosario, LLC d/b/a Rosario's Deli ("Rosario's Deli") and Rosario DiMarco ("DiMarco") (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.     Plaintiff is an individual residing in the State of New York.

6.     Rosario's Deli is a limited liability company with its principal place of business located at 22-55 31st Street, Astoria, New York 11105.

7.     Rosario's Deli is a deli and convenience store that sells made-to-order and ready-to-eat food products and other goods.

8.     DiMarco is an individual residing, upon information and belief, in the State of New York.

9.     At all relevant times, DiMarco was and remains a member, manager, and/or person in control of Rosario's who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rates and methods of payment for employees, and maintain employment records.

10.     At all relevant times, DiMarco was responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

11.     At all relevant times, DiMarco had the power to discipline and terminate Plaintiff.

12.     At all relevant times, DiMarco was responsible for compensating Plaintiff.

13.     Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

14.     At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

15.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

16.     Defendants operate in interstate commerce.

17.     Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

18.     The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

19.     The FLSA Collective Plaintiffs consist of no less than five (5) similarly situated employees employed by Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

20.     As part of their regular business practices, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees at the applicable overtime rates for all time worked in excess of forty (40) hours per week.

21.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

22.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

23.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

24.     Plaintiff worked for Defendants as a cook and counter helper from in or around January 2001 until in or around September 9, 2021.

25.     As a cook and counter helper, Plaintiff's primary job duties included assisting customers, cooking food, washing dishes, cleaning, and preparing catering orders.

26.     From the beginning of his employment until in or around March 2011, Plaintiff regularly worked six (6) days per week, Mondays through Saturdays, from approximately 7:00 a.m. until 7:00 p.m. each day, for a total of approximately seventy (72) hours per week.

27.     From in or around March 2011 until in or around June 2020, Plaintiff worked the same days but fewer hours, from approximately 7:30 a.m. until 6:00 p.m. each day, for a total of approximately sixty-three (63) hours per week.

28.     From in or around June 2020 until the end of his employment, Plaintiff's hours were further reduced to approximately 8:00 a.m. to 5:00 p.m. each day, for a total of approximately fifty-four (54) hours per week.

29.     Throughout his employment with Defendants, Plaintiff was not afforded a meal break lasting at least thirty (30) minutes each day that he worked.

30.     From in or around March 2016 until in or around June 2020, Defendants paid Plaintiff $12.00 per hour for all hours worked, including the hours Plaintiff worked over forty (40) per week.

31.     In or around June 2020, Plaintiff complained to Defendants about his rate of pay and that he was not receiving overtime wages for the hours he worked over forty (40) per week.

32.     From in or around June 2020 and until the end of Plaintiff's employment, Defendants paid Plaintiff $15.00 per hour for his regular hours and $22.50 per hour for his overtime hours.

33.     However, in response to Plaintiff's complaint about his wages, Defendants reduced Plaintiff's hours from sixty-three (63) hours per week to fifty-four (54) hours per week.

34.     While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL and was entitled to receive overtime compensation for all hours worked in excess of forty (40) per week.

35.     However, from the beginning of his employment until in or around June 2020, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of forty (40) per week.

36.     Additionally, based on Plaintiff's compensation, Plaintiff's regular hourly rate of pay fell below the applicable New York state minimum wage rate at certain points during Plaintiff's employment with the Defendants.

37.     Plaintiff also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay equal to one (1) additional hour's pay at the full minimum wage rate for every day in which his shift exceeded ten (10) hours.

38.     Defendants also failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

39.     In addition, Plaintiff did not receive, with each wage payment, statements listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

40.     Defendants retaliated against Plaintiff by reducing his weekly hours in response to Plaintiff's complaint that Defendants had not being paying Plaintiff overtime compensation for the hours he worked over forty (40) per week.

41.     Defendants violated federal and/or state law by willfully failing to pay Plaintiff minimum, overtime, and spread of hours wages; by failing to provide Plaintiff with the required wage statements and payroll notices under NYLL §§ 195(1) and (3); and by unlawfully retaliating against Plaintiff for asserting his legal right to overtime compensation under the FLSA and NYLL.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations Under the FLSA)*

42.     Plaintiff, individually and on behalf of the FLSA Collective Plaintifs, repeats and realleges all prior allegations set forth above.

43.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

44.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

45.     Throughout most of the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the statutory minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

46.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

47.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

48.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations Under the NYLL)*

49.     Plaintiff repeats and realleges all prior allegations set forth above.

50.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the statutory minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

51.     Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

52.     Throughout most of the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

53.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

54.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

55.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### (*Minimum Wages Violations under the NYLL*)

56.     Plaintiff repeats and realleges all prior allegations set forth above.

57.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

58.     During certain periods of Plaintiff's employment, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wage for the hours he worked.

59.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

60.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

61.    Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Spread of Hours Violations under the NYLL)*

62.    Plaintiff repeats and realleges all prior allegations.

63.    Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

64.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which his shift spanned more than ten (10) hours.

65.    By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

66.    Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages Under the NYLL)*

67.    Plaintiff repeats and realleges all prior allegations.

68.    Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

69.    Throughout the relevant time period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

70.    Throughout the relevant time period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

71.    Throughout the relevant time period, Defendants failed to pay Plaintiff all overtime, minimum, and spread of hours wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

72.    As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

73.    As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

74.    Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Payroll Notices Under the NYLL)*

75.    Plaintiff repeats and realleges all prior allegations.

76.    Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

77.    As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

78.    Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Wage Statements Under the NYLL)*

79.    Plaintiff repeats and realleges all prior allegations.

80.    Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

81.    As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for

every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

82.     Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Retaliation Under the FLSA)*

83.     Plaintiff repeats and realleges all prior allegations.

84.     In or around mid-2019, Plaintiff complained to Defendants that he was not being paid overtime wages for the hours he worked in excess of forty (40) per week.

85.     Thereafter, Defendants began paying Plaintiff overtime wages equal to one-and-one-half (1.5) times his regular hourly rate of pay for the hours Plaintiff worked over forty (40) per week, but reduced Plaintiff's weekly hours from sixty-three (63) to fifty-four (54).

86.     Defendants retaliated against Plaintiff by reducing his weekly work hours in response to Plaintiff's assertion of his legal rights under the FLSA.

87.     Defendants' reduction of Plaintiff's weekly work hours constitutes unlawful retaliation in violation of 29 U.S.C. § 215(a)(3).

88.     As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

89.     Judgment should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action for punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR AN NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Retaliation Under the NYLL)*

90.     Plaintiff repeats and realleges all prior allegations.

91.     In or around mid-2019, Plaintiff complained to Defendants that he was not being paid overtime wages for the hours he worked in excess of forty (40) per week.

92.     Thereafter, Defendants began paying Plaintiff overtime wages equal to one-and-one-half (1.5) times his regular hourly rate of pay for the hours Plaintiff worked over forty (40) per week, but reduced Plaintiff's weekly hours from sixty-three (63) to fifty-four (54).

93.     Defendants retaliated against Plaintiff by reducing his weekly work hours in response to Plaintiff's assertion of his legal rights under the NYLL.

94.     Defendants' reduction of Plaintiff's weekly work hours constitutes unlawful retaliation in violation of NYLL § 215.

95.     As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

96.     Judgment should be entered in favor of Plaintiff and against Defendants on the Ninth Cause of Action for punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court; and

e) on the Fifth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for all punitive damages, if applicable, along with all lost wages, front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court against Employer Defendants;

i)   on the Ninth Cause of Action for all punitive damages, if applicable, along with all lost wages, front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court against Employer Defendants;

j)   Interest;

k)   Costs and disbursements; and

l)   Such other and further relief as the Court deems just and proper

Dated:  New York, New York
        March 25, 2022

                        */s/ Eliseo Cabrera*____
                        Eliseo Cabrera
                        Katz Melinger PLLC
                        370 Lexington Avenue, Suite 1512
                        New York, New York 10017
                        T: (212) 460-0047
                        F: (212) 428-6811
                        edcabrera@katzmelinger.com
                        *Attorneys for Plaintiff*